SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: ssacks@sheppardmullin.com

Counsel for Debtor and Debtor in
Possession SAIGON PLAZA ASSOCIATION, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>SAIGON PLAZA ASSOCIATION, LLC,<br>a California limited liability company<br><br>               Debtor, | Case No. 07-40169<br><br>Chapter 11<br><br>**THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br><br><br>DATED:    February 19, 2009 |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| ARTICLE I | DEFINITIONS | 1 |
| ARTICLE II | DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS | 6 |
| ARTICLE III | TREATMENT OF UNCLASSIFIED CLAIMS | 6 |
| ARTICLE IV | TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS | 8 |
| ARTICLE V | EXECUTORY CONTRACTS | 10 |
| ARTICLE VI | MEANS OF IMPLEMENTATION OF THE PLAN | 11 |
| ARTICLE VII | EFFECT OF CONFIRMATION OF THE PLAN | 15 |
| ARTICLE VIII | RETAINED JURISDICTION | 20 |
| ARTICLE IX | NON-SUBSTANTIVE MODIFICATION OF PLAN | 21 |
| ARTICLE X | CRAMDOWN REQUESTED | 22 |

Case: 07-40169    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:52:27    Page 2 of 24

# INTRODUCTION

The Debtor Saigon Plaza Association, LLC, proposes this Second Amended Plan of Reorganization Dated February 19, 2009 ("Plan"), pursuant to the provisions of Chapter 11 of the U.S. Bankruptcy Code. The Debtor has filed a First Amended Disclosure Statement ("Disclosure Statement") containing a discussion of the financial condition of the Debtor and a description of the Plan.

On January 18, 2007 the Debtor filed a chapter 11 petition for the Debtor in the Bankruptcy Court. On March 15, 2007 the Bankruptcy Court granted the Debtor's Motion to Clarify the Identity of the Debtor.

Creditors and Interest Holders should thoroughly review both the Plan and the accompanying Disclosure Statement before deciding whether to accept or reject the Plan.

Definitions used in the Plan and Disclosure Statement are provided in the Article I below.

## ARTICLE I

## DEFINITIONS

1.      Unless the context requires otherwise, the following definitions apply in this Plan:

        1.1      **"Administrative Claim"** means a claim for any cost or expense of administration of a kind specified in Section 503(b) of the Bankruptcy Code that is entitled to priority over general unsecured claims under Section 507(a)(1) of the Bankruptcy Code, including, without limitation, (i) any actual or necessary costs and expenses of preserving the bankruptcy estate incurred on or after the Petition Date and through and including the Effective Date of the Plan, (ii) any cure amounts that must be paid in connection with the assumption of any executory contract or unexpired lease of the Debtor under Section 365 of the Bankruptcy Code, (iii) fees payable to the court system or the U.S. Trustee under Section 1930 of Title 28, United States Code, and (iv) allowed compensation for fees and reimbursable expenses for legal and other services under Sections 330 and 331 of the Bankruptcy Code, or otherwise allowed by the Bankruptcy Court under Section 503 of the Bankruptcy Code.

Case: 07-40169   Doc# 256   Filed: 02/19/09   Entered: 02/19/09 21:52:27   Page 3 of 24

1.2 **"Allowed Administrative Claim"** means all or any portion of an Administrative Claim that has either been (i) allowed by a Final Order or (ii) has not been objected to within the time period established by the Plan or by an order of the Bankruptcy Court.

1.3 **"Allowed Claim"** means a claim against the Debtor in this Chapter 11 Case, other than an Administrative Claim, as to which:

(a) A proof of claim was (i) timely filed not later than the Claims Bar Date, or any other applicable claim filing deadline, or (ii) deemed filed under 11 U.S.C. §1111(a), or (iii) filed late with permission of the Bankruptcy Court after notice and an opportunity for hearing appropriate in the circumstances; and

(b) Such claim is not a Disputed Claim, or, if a Disputed Claim, such claim has been allowed in whole or in part by a Final Order, provided that any such claim shall be an Allowed Claim only to the extent stated in any such Final Order. Unless otherwise provided in the Plan or ordered by the Bankruptcy Court, no distributions shall be made under the Plan in respect of the disputed portion of any Disputed Claim until there is a Final Order specifying the allowed amount of such claim.

No disputed portion of any claim shall be considered as an Allowed Claim if an objection to the allowance of such claim is made by the Reorganized Debtor or another party in interest within the time set by the Plan or the Bankruptcy Court, and such objection to claim has not been denied by a Final Order of the Bankruptcy Court.

1.4 **"Allowed Secured Claim"** means that amount of an Allowed Claim which is secured by a lien or subject to offset within the provisions of Section 506(a) of the Bankruptcy Code.

1.5 **"Allowed Unsecured Claim"** means any Allowed Claim that is a general unsecured claim, including an allowed Rejection Claim. It does not include Allowed Secured Claims, Allowed Administrative Claims, Priority Claims, or Tax Claims.

1.6 **"Avoidance Actions"** means any rights, claims or causes of action (and any litigation thereon) which a trustee or debtor in possession is authorized to assert under or

Case: 07-40169   Doc# 256   Filed: 02/19/09   Entered: 02/19/09 21:52:27   Page 4 of 24

based upon the provisions of Bankruptcy Code §§ 542 through 551 and 553 expressly including preference claims.

1.7 **"Ballot"** shall mean the ballot submitted by the Debtor for creditors of the Debtor to elect whether to accept or reject the Plan.

1.8 **"Bankruptcy Code"** or **"Code"** means Title 11 of the United States Code, as it was in effect on the date of filing of the Plan, as amended by any amendments applicable to this Chapter 11 Case, and also includes Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

1.9 **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of California, having jurisdiction over the Chapter 11 Case, and any other courts or panels of courts having competent jurisdiction over the Chapter 11 Case or appeals from orders entered in the Chapter 11 Case.

1.10 **"Bankruptcy Rules"** means the rules of practice and procedure in cases under Title 11 of the United States Code, as promulgated under 28 U.S.C. §2075.

1.11 **"Chapter 7"** means Chapter 7 of the Bankruptcy Code.

1.12 **"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

1.13 **"Chapter 11 Case"** means the case commenced by the Debtor filing the petition under Chapter 11 of the Bankruptcy Code on January 18, 2007, and which is pending in the Court as Case No. 07-40169.

1.14 **"Claims Bar Date"** means the deadline date of May 14, 2007 for filing proofs of claim or interest, other than Administrative Claims and Rejection Claims, by creditors and interest holders against the Debtor, established in the Chapter 11 Case by court order and notice to creditors and equity security holders.

1.15 **"CMR"** means California Mortgage & Realty, Inc., CMR Mortgage Fund II, 388 Twelfth Street LLC and/or any of their affiliated entities other than CMR Mortgage Fund, LLC.

1.16 **"Confirmation"** means the effect of entry by the Bankruptcy Court of a Final Order confirming the Plan.

1.17 **"Confirmation Order"** means an order or orders entered by the Bankruptcy Court confirming the Plan.

1.18 **"Construction Contract"** means agreements between contractors and the Debtor regarding construction activities at the Property.

1.19 **"Debtor"** means Saigon Plaza Association, LLC, the debtor in possession in the Chapter 11 Case.

1.20 **"Disputed Claim"** means any claim, proof of which has been filed or deemed filed against the Debtor, as to which an objection or adversary proceeding has been timely filed and has not been withdrawn or disposed of by a Final Order of the Bankruptcy Court.

1.21 **"Effective Date"** means the business day designated as such by the Reorganized Debtor which is the later of (i) 15 days following the entry of the Confirmation Order, unless such order is stayed by order of a court with original or appellate jurisdiction over this Chapter 11 Case, in which event such date shall be the first business day on or after the eleventh calendar day after such stay expires, or (ii) 15 days following the determination by Final Order or resolution of the CMR Litigation.

1.22 **"Estate"** means the estate the Debtor created under Section 541 of the Bankruptcy Code by the commencement of the Chapter 11 Case.

1.23 **"Final Order"** means an order of the Bankruptcy Court as to which the appeal period has expired without an appeal having been timely taken or, if an appeal is timely taken, such order has been affirmed on appeal and any time for further appeal or petition has expired without any such further appeal or petition having been filed.

1.24 **"Mechanics Liens"** means those mechanics liens filed against the Property, including that filed by Beacon Development, Adamant Fabrication and others for purportedly unpaid amounts under Construction Contracts.

Case: 07-40169   Doc# 256   Filed: 02/19/09   Entered: 02/19/09 21:52:27   Page 21 of 24

1.25 **"Mechanics' Lien Litigation"** means that litigation commenced pre-petition in state court by holders of Mechanics' Liens.

1.26 **"Petition Date"** means January 18, 2007, the date on which the Chapter 11 Petition was filed by the Debtor with the Court.

1.27 **"Plan"** means the Debtor's Chapter 11 Second Amended Plan of Reorganization of February 19, 2009, including any modification(s) or amendment(s) thereto.

1.28 **"Priority Claim"** means any Allowed Claim entitled to priority pursuant to Code Section 507(a), but not including Administrative Claims or Tax Claims.

1.29 **"Property"** means the real and personal property interests owned by the Debtor and located at 388 Twelfth Street, Oakland, California.

1.30 **"Reorganized Debtor"** means Saigon Plaza Association, LLC upon the Effective Date of the Plan.

1.31 **"Rejection Claim"** means an allowed unsecured claim arising from Debtor's rejection of an unexpired lease or executory contract pursuant to the Plan or pursuant to a prior or subsequent order of the Bankruptcy Court.

1.32 **"Tax Claim"** means any Allowed Unsecured Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.33 **"Unclaimed Property"** means any distribution that cannot be delivered to, or is not accepted by, the holder of an Allowed Claim, and shall include, without limitation, checks (and the funds represented thereby) that are returned as undeliverable without a proper forwarding address, are not cashed, or are not delivered because of the absence of a proper address to which to deliver the distribution.

1.34 **"U.S. Trustee"** means the Office of the United States Trustee.

1.35 **"Voting Deadline"** shall mean _____, 2009 at 5:00 p.m., Prevailing Pacific Time, which is the latest date and time a creditor can cast a Ballot for the acceptance or rejection of the Plan.

Case: 07-40169   Doc# 256   Filed: 02/19/09   Entered: 02/19/09 21:52:27   Page 7 of 24
W02-WEST:1SB1\401571241.1

1.36  **"Woo/Ng"** means the claims held by Roger Woo, Loretta Woo and Wing Har Ng.

1.37  A term used in the Plan that is not defined in the Plan shall have the meaning assigned to such term in the Bankruptcy Code, the Bankruptcy Rules, or the California Uniform Commercial Code, if defined therein.

## ARTICLE II

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The claims against Debtor and the equity interests in Debtor are designated and classified as provided below for purposes of the Plan.

2.1  <u>Class 1</u>:  The Allowed Secured Claim of CMR.

2.2  <u>Class 2</u>:  The Woo/Ng Allowed Secured Claim.

2.3  <u>Class 3</u>:  The Allowed Secured Claims of Entities Asserting Mechanic's Liens Against the Property.

2.4  <u>Class 4</u>:  All Priority Claims.

2.5  <u>Class 5</u>:  General Unsecured Claims of $3,000 or less.

2.6  <u>Class 6</u>:  All Unsecured Claims, including Rejection Claims, other than claims included in Class 4 and Class 5.  The unsecured portions, if any, of Claims in Class 1, 2 and 3 are included in this Class pursuant to Code Section 506(a).

2.7  <u>Class 7</u>:  The ownership interests in the Debtor.

2.8  **IMPAIRMENT:**  All classes are impaired under the Plan.

## ARTICLE III

## TREATMENT OF UNCLASSIFIED CLAIMS

Allowed Claims which are unclassified pursuant to Section 1123(a)(1) of the Bankruptcy Code shall be treated as follows:

3.1  <u>Allowed Administrative Claims</u>:  Except to the extent the holder of an Allowed Administrative Claim agrees otherwise, each holder of an Allowed Administrative Claim shall be paid in respect of such Allowed Claim (a) the full amount thereof in Cash, as soon as

Case: 07-40169  Doc# 256  Filed: 02/19/09  Entered: 02/19/09 21:52:27  Page 8 of 24

practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim, or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (b) such lesser amount as the holder of such Allowed Administrative Claim and the Debtor prior to the Effective Date and the Reorganized Debtor following the Effective Date might otherwise agree.  In the case of fees due to professionals, in the event funds are not available at the Effective Date to pay professional claims, then payment shall be made pursuant to a promissory note at 10 percent per annum interest and amortized over the two years following the effective date to the extent that cash is available and any amounts not paid when due shall continue to earn interest and shall be made not later than the second anniversary of the Effective Date.  The total amount of unpaid Allowed Administrative Claims shall be subject to approval by the Bankruptcy Court.

3.2     <u>Tax Claims</u>:  Each holder of an Allowed Priority Tax Claim shall receive (a) in equal installments deferred cash payments, made annually on the anniversary of the Effective Date, over a period of five years from the Petition Date, of a value as of the Effective Date, equal to the allowed amount of such claim, plus interest at the rate provided under applicable tax law for tax payments not made when first due or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (b) such lesser amount as the holder of such Allowed Priority Tax Claim and the Debtor prior to the Effective Date and the Reorganized Debtor following the Effective Date might otherwise agree.  The Reorganized Debtor may in its discretion choose to direct payment of any such Tax Claim in whole or in part earlier than required hereunder if sufficient funds exist to pay or reserve for all Allowed Administrative Claims and all other then due and current obligations of the Estate.

3.3     <u>U.S. Trustee Fees</u>:  The Reorganized Debtor shall pay in cash in full on the Effective Date any statutory fees then owing and unpaid to the U.S. Trustee, or to the Bankruptcy Court and shall not be subject to any administrative claim procedures or limitations.  After the Effective Date, the Reorganized Debtor shall pay a quarterly fee to the U.S. Trustee, for deposit into the U.S. Treasury, for each quarter (including any fraction thereof) until this Chapter 11 Case

is converted, dismissed, or closed by entry of a final decree, pursuant to Section 1930(a)(6) of Title 28, United States Code.

## ARTICLE IV

## <u>TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS</u>

The classified claims and interests designated in Article II of the Plan will receive the treatment specified in this Article IV. All classes are impaired under the Plan.

4.1    <u>Class 1 Claim — CMR</u>: Unless CMR agrees to receive other, less favorable treatment, the Allowed Secured Claim of CMR shall receive one of the following treatments as selected by the Debtor within fifteen (15) business days after the later of the Effective Date or the date on which the Court determines that CMR has an Allowed Secured Claim by a Final Order:

(i)    The Debtor will pay CMR's Allowed Secured Claim in cash; or

(ii)    The Property will be conveyed to the holder of the CMR Allowed Secured claim by the Debtor.

To the extent that CMR has an Allowed Secured Claim and that claim is in an amount less than the amount of its Allowed Claim then pursuant to 11 U.S.C. Section 506(a), it shall also be entitled to assert a Class 6 Unsecured Claim for the difference between the amount of its Allowed Secured Claim and its Allowed Claim. In the event that CMR is determined not to have an Allowed Secured Claim then it shall be entitled to assert a Class 6 Unsecured Claim in the amount of any Allowed Claim it is determined to have.

4.2    <u>Class 2 Claim — Woo/Ng</u>: The Debtor will request a valuation hearing at the time of the confirmation hearing to determine whether the Property has sufficient value to create an Allowed Secured Claim for Woo/Ng. If it does not, then the Woo/Ng claim will not be an Allowed Secured Claim. If the Woo/Ng secured claim has no value then Woo/Ng will have an unsecured claim in the amount of value furnished to the Debtor by Woo/Ng. To the extent that Woo/Ng's claim is in an amount greater than any Allowed Secured claim Woo/Ng have, then the Woo/Ng Allowed Claim shall be treated as a Class 6 Unsecured Claim.

4.3    Class 3 Claim — Mechanics Liens (Unimpaired):  The Allowed Secured Claim of the entities or persons holding Mechanics Liens will have the value and priority they are determined to have in the state court litigation.  If any Mechanics' Lien claim is determined to have a priority greater than that of the CMR deed of trust, then such claim will be satisfied by applicable title insurance.  If a Mechanics' Lien claim is determined to be junior to the CMR deed of trust, then the Allowed Secured Claim of the Mechanics' Lien claimant has no value, as the Debtor will seek a determination at Confirmation that the Property has insufficient value beyond the amount of the CMR lien to satisfy any part of a Mechanics' Lien Allowed Secured Claim.  To the extent that a Mechanics' Lien claim is in an amount greater than any Allowed Secured Claim the Mechanics' Lien claimant has, then the Mechanics' Lien Allowed Claim shall be treated as a Class 6 Unsecured Claim.

4.4    Class 4 Claim — Priority Claims:  Each holder of an Allowed Priority Claim will receive cash on the Effective Date, without post-petition interest, equal to the allowed amount of such claim.

4.5    Class 5 — Allowed Unsecured Claims of $3,000 or Less:  Unless otherwise agreed to by the holder of an Allowed General Unsecured Claim and the Reorganized Debtor, each holder of a General Unsecured Claim that is in an amount equal to or less than $3,000 shall receive cash on the first anniversary of the Effective Date in the amount of 100% of its Allowed Unsecured Claim, without interest.

4.6    Class 6 General Unsecured Claims in Excess of $3,000:  Each holder of a General Unsecured Claim in excess of $3,000, including the unsecured portions of any Secured Claim, shall receive the following, unless otherwise agreed to by the holder and the Reorganized Debtor, in the following order:

(1) Not later than 90 days after the Effective Date, all funds received in connection with any litigation or avoidance claims shall be paid Pro Rata on account of the amount of its Allowed Unsecured Claim until paid in full, without interest, or,

V02-WEST:5SS1\401571424.2
THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Case: 07-40109    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:52:27    Page 11 of 24

(2) If Allowed Unsecured Claims are not satisfied upon conclusion of the procedure set out in option (1), then if the Debtor has the ability to sell the Property, it shall do so for the benefit of Allowed Unsecured Claims and pay Allowed Unsecured Claims Pro Rata with the net proceeds, or

(3) If Allowed Unsecured Claims are not satisfied upon conclusion of the procedures set out in options (1) and (2), then as soon as practicable thereafter, each holder shall receive its Pro Rata share of the interests in the Debtor on account of its Allowed Unsecured Claim.

4.7     <u>Class 7 — Ownership Interests</u>:  On the Effective Date, the holders of interests in the Debtor shall retain their interests.  In the event that the holders of unsecured claims shall become entitled to receive the interests of the Debtor, then the existing interests will be cancelled.

# ARTICLE V
## EXECUTORY CONTRACTS

Debtor's executory contracts and unexpired leases are treated as follows:

5.1     Any and all pre-petition leases or executory contracts, unless specifically proposed to be assumed pursuant to a motion filed with the Bankruptcy Court prior to the Confirmation Date, shall be deemed rejected by the Debtor effective as of the Confirmation Date, but subject to the occurrence of the Effective Date.

5.2     Rejection Claims, other than Mechanics' Lien Claims falling within Class 3, shall be classified as Class 6 claims.  Any Rejection Claim which becomes an Allowed Claim will receive the treatment provided for claims in Class 6.  Within thirty (30) days following service of notice of Confirmation, any party asserting a Rejection Claim with respect to any executory contract or lease rejected by the Debtor, and which has not already filed a Rejection Claim, shall file with the Bankruptcy Court, and serve on counsel for the Debtor, a proof of claim and documentation supporting such Rejection Claim, or be forever barred from asserting any such claim or receiving any payment on account of such claim.

Case: 07-40169    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:32:27    Page 12 of
24

THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

# ARTICLE VI

## MEANS OF IMPLEMENTATION OF THE PLAN

The Plan shall be implemented as follows:

6.1 <u>Payment of Distributions</u>:  The Reorganized Debtor shall make the distributions required by the Plan.  In making such distributions, the Reorganized Debtor shall make appropriate calculations, and provide for reserves if necessary.  The Reorganized Debtor shall act as disbursing agent under the Plan with regard to all payments and distributions to be made to creditors or other parties in interest hereunder, without bond.

6.2 <u>Management of Reorganized Debtor</u>:  The Reorganized Debtor shall be managed as follows:

(a) John Le Tung shall manage the Reorganized Debtor as its Manager.

(b) The Reorganized Debtor is authorized to retain, employ, utilize, and compensate such professionals as may be necessary after Confirmation without further action or approval by the Bankruptcy Court.

(c) The Reorganized Debtor is authorized to review and object to claims.  Also, the Reorganized Debtor is authorized to enter into compromises to allow and satisfy Disputed Claims, to sell, liquidate, or abandon particular items of the Reorganized Debtor's assets in its business judgment, and to sell, liquidate, or abandon any claim or cause of action of the Debtor against any third party.

(d) Subject to the other express provisions of the Plan, the Reorganized Debtor:

(1) is authorized to determine whether the Estate will pursue any claims or causes of action available under applicable law (including Avoidance Actions); and

(2) if it determines that any such claim or cause of action should be pursued, to commence, prosecute, and/or compromise such claim.  Any recovery on such claim or cause of action shall be considered property of the Reorganized Debtor, and treated as other assets under the terms of the Plan.

THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

(e)     At such time as the Reorganized Debtor deems appropriate, consistent with applicable law and rules, but only after payments required by the Plan to be made on or before the Effective Date have been made, , the Reorganized Debtor shall file an application for entry of a final decree in this Chapter 11 Case, and shall serve the application on the U.S. Trustee, together with a proposed final decree.  The Reorganized Debtor shall prepare and file any status reports that may be required by the Bankruptcy Court in connection with the issuance of a final decree.  The U.S. Trustee shall have twenty (20) days within which to object or otherwise comment upon the Bankruptcy Court's entry of the final decree.

(f)     The Reorganized Debtor is authorized to do and/or cause to be done all things necessary and appropriate to administer and execute the Plan, consistent with the terms of the Plan, the Confirmation Order, and the Bankruptcy Code and the Bankruptcy Rules to the extent applicable.

(g)     The Reorganized Debtor shall have full power and authority to execute and deliver any and all documents necessary or appropriate to carry out the Plan, and to sell, convey, or assign any asset in the exercise of its business judgment.

6.3     <u>Avoidance Actions</u>: All Avoidance Actions are preserved after the Effective Date, and may be prosecuted by the Reorganized Debtor.  Upon Confirmation, the Debtor will have authority to retain counsel and to pursue or prosecute any of the Debtor's claims against third parties, or to continue pursuit or prosecution of claims commenced pre-Confirmation, including without limitation, all claims against Adamant Fabrication, Inc. and its directors, officers, employees or affiliates, all claims against CMR and its directors, officers, employees or affiliates, and all claims against Executive Mortgage, Kurt Knabke and David Nace.

6.4     <u>Unclaimed Property</u>:  If a distribution to the holder of an Allowed Claim remains unclaimed for 90 days following the distribution, the Reorganized Debtor shall use reasonable diligence to attempt to locate such claim holder.  If after reasonable diligence, such claim holder still cannot be located, that unlocated claim holder shall forfeit its right to such

V02-WEST:5SS1\401571424.2
THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN
OF REORGANIZATION

distribution.  The amount of such Unclaimed Property shall become property of the Reorganized Debtor.

6.5     Disputed Claims and Interests:

Objections to Claims shall be filed and served upon each affected Creditor no later than one hundred twenty (120) days after the Effective Date, provided however, that this deadline may be extended by the Bankruptcy Court upon motion of the Reorganized Debtor, with or without notice or hearing.  Notwithstanding the foregoing, unless an order of the Bankruptcy Court specifically provides for a later date, any proof of, or other assertion of a, Claim filed after the Confirmation Date shall be automatically disallowed as a late filed Claim, without any action by the Reorganized Debtor, unless and until the party filing such Claim obtains the written consent of the Reorganized Debtor or obtains an order of the Bankruptcy Court upon notice to the Reorganized Debtor that permits the late filing of the Claim, and the holder of such disallowed Claim shall be forever barred from asserting such Claim against the Debtor, the Estate or Property, Reorganized Debtor or its property.  In the event any proof of claim is permitted to be filed after the Confirmation Date pursuant to an order of the Bankruptcy Court, the Reorganized Debtor shall have sixty (60) days from the filing of such proof of claim or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Reorganized Debtor with or without notice or a hearing.  Notwithstanding any other provisions of this Plan, the disputed portion of a Disputed Claim shall not receive any distribution, unless and until the status of an Allowed Claim is attained for such disputed amount.

Objections to Claims may be litigated to judgment or withdrawn, and may be settled with the approval of the Bankruptcy Court, except to the extent such approval is not necessary as provided in this section.  After the Confirmation Date, and subject to the terms of the Plan, the Reorganized Debtor may settle any Disputed Claim where the result of the settlement or compromise is an Allowed Claim in an amount not in excess of $25,000 or less without providing any notice or obtaining an order from the Bankruptcy Court.  All proposed settlements of Disputed

Case: 07-40109    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:32:27    Page 15 of 24
V02-WEST:5SS1\401574124.2

Claims where the amount to be settled or compromised exceeds $25,000 shall be subject to the approval of the Bankruptcy Court after notice and an opportunity for a hearing.

6.6    Administrative Claims Bar Date:  Requests for payment of all Administrative Claims which accrue on or before the Effective Date (specifically including requests by professionals for compensation or expenses in connection with services performed before the Effective Date) must be filed with the Bankruptcy Court and served on the Reorganized Debtor not later than 60 days following the Effective Date, or shall be forever barred and neither the Reorganized Debtor nor its Estate shall have any further liability therefore.  The bar date for filing a request for payment of an Administrative Claim may be extended by written agreement between the claimant and the Reorganized Debtor, or by Bankruptcy Court order by request for good cause, on notice to Reorganized Debtor, filed and served prior to the bar date.

6.7    Preservation of Claims and Objections:  Nothing in the Plan is intended to, nor shall it, limit in any way the ability of the Reorganized Debtor (or any successor thereto or representative designated for specific purposes hereunder) to:

(a)    exercise the rights and powers conferred upon it by applicable bankruptcy law, including but not limited to the pursuit of Avoidance Actions and the prosecution of objections to claims (whether or not their holders have accepted the Plan),

(b)    pursue recovery on any and all other causes of action held by the Debtor prior to Confirmation under otherwise applicable non-bankruptcy laws, or

(c)    exercise the rights and powers of governance and take other actions through the Reorganized Debtor's manager; provided that all such powers and actions are exercised in all respects in compliance with the provisions of the Plan and the Confirmation Order, and provided further that no claims, causes of action, rights, avoiding powers, other powers of Debtor, or objections to any claims against Debtor whatsoever are released, waived, deemed adjudicated, or allowed by confirmation of the Plan except as expressly provided in the Plan and/or the Confirmation Order.

6.8   <u>Withholding Taxes</u>.   Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder.   All Persons holding Claims shall be required to provide any information necessary to effect the withholding of such taxes.

**ARTICLE VII**

**EFFECT OF CONFIRMATION OF THE PLAN**

7.1   <u>Debtor's Liability</u>.   Neither the Reorganized Debtor nor its representatives and owners shall have any liability to any creditors or interest holders of the Debtor other than to make the distributions expressly provided for under the Plan.

7.2   <u>Discharge; Third Parties</u>.   The rights afforded in the Plan and the treatment of all Claims shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature, whatsoever, including, any interest accrued on such Claims from and after the Petition Date against the Debtor or any of their assets or properties.   Pursuant to Bankruptcy Code section 1141(d)(1), the Debtor shall receive the broadest discharge possible, effective upon Confirmation as to all Claims.   More particularly, Confirmation of the Plan shall at the times set forth in the Plan be deemed to discharge and release the Debtor to the fullest extent permitted by Bankruptcy Code section 1141 from any debt or Claim that arose before the Confirmation Date, including any debt or Claim of a kind specified in bankruptcy Code sections 502(g), 502(h) or 502(i), whether or not (i) a Proof of Claim based upon such debt is filed or deemed filed under Bankruptcy Code section 501, (ii) such Claim is allowed under Bankruptcy Code section 502, or (iii) the holder of such Claim has accepted the Plan.   In addition, provided that Debtor is in compliance with the terms of its confirmed Plan, no creditor may pursue collection against any third party on a guarantee or seek to foreclose on any other collateral serving as security for their claims.   The third parties, however, will not obtain releases as to either the guarantees or the collateral hereunder.

7.3   <u>Effect of Discharge</u>.   Pursuant to Bankruptcy Code section 524, the discharge (i) voids any judgment at any time obtained to the extent that such judgment is the

-15-

determination of the personal liability of the Debtor with respect to any debt discharged under Bankruptcy Code section 1141, whether or not discharge of such debt is waived, and (ii) operates as an injunction against the commencement or continuation of any action, employment of process, or any act to collect, recover or offset any such debt as a personal liability of the Debtor, whether or not discharge of such debt is waived, and all Persons shall be precluded from asserting against the Reorganized Debtor, their successors or their assets or properties any other future claims or interests based upon any act or omission, transaction or other activity of any kind of nature that occurred before the Confirmation Date.

       7.4     <u>Discharge, Release and Injunction</u>.  On and after the Confirmation Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, all Persons or Entities who have held, hold or may hold any Claim against or Interest in the Debtor, are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Debtor or Reorganized Debtor or any of their properties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or Entities and all of their respective current officers, current directors, and any consultants that performed services after the Petition Date (solely in their capacities as such)**,** and the professionals that have been approved by the Bankruptcy Court to represent the Debtor, or any property of any of the foregoing (collectively, the "<u>Protected Parties</u>"); (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, against any of the Protected Parties of any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the Protected Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to any of the Protected Parties; and (e) taking any actions in

V02-WEST:5SS1\401574124.2

any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan.

Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan constitutes an application for approval of a compromise and settlement of any and all claims, suits and causes of action of the Debtor, the Estate, or their respective successors or assigns, including, without limitation, any Person or Entity claiming a right in a derivative capacity on their behalf (the "Debtor Claimants") against the current managers, current attorneys, and any consultants that performed services after the Petition Date (collectively, the "Released Parties"), as set forth more fully below. Notwithstanding anything herein or elsewhere to the contrary, absent a specific settlement and release entered into with Executive Mortgage by the Debtor or the Reorganized Debtor and approved by a Final Order by the Court, Executive Mortgage and any of its owners, employees, agents or representatives, and each of them, in every capacity, are not Released Parties.

On the Effective Date, the Debtor Claimants are deemed to, with respect to any and all direct and derivative claims, whether or not asserted, unconditionally and irrevocably release the Released Parties from any and all direct, indirect or derivative claims, obligations, suits, judgments, Liens, damages, rights, causes of action, liabilities, claims or rights of contribution and indemnification, and all other controversies of every type, kind, nature, description or character whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted, threatened or not, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part upon any act or omission, transaction, event or other occurrence taking place from the beginning of time to the Effective Date arising from or relating in any way, directly or indirectly, to the Debtor, its Properties, assets, operations or liabilities, the Chapter 11 Case, the Plan, or the Disclosure Statement; provided however, that the Debtor Claimants shall not be deemed to have released any rights to enforce the terms of the Plan or their rights to distributions thereunder. The consideration for the releases was given in part in exchange for the release of such claims. The Debtor Claimants hereby waive any rights or

W02-WEST:5SS1\401571124.2

Case: 07-40169    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:52:27    Page 19 of 24

benefits under California Civil Code Section 1542 and any rights or benefits under similar laws. Civil Code Section 1542 provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Confirmation Order shall specifically provide for the foregoing releases. Notwithstanding the foregoing, (i) nothing herein or in the Plan shall in any manner release the Released Parties from any liability for their willful misconduct or gross negligence; and (ii) nothing herein shall release any rights under Bankruptcy Code Section 1144 to revoke an order of confirmation which could result in a revocation of the releases contained in the Plan.

On the Effective Date, the Debtor Claimants respecting the claims released above shall be permanently enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind, asserting any setoff, right of subrogation, contribution, indemnification or recoupment of any kind, directly or indirectly, or proceeding in any manner in any place inconsistent with the releases granted to the Released Parties pursuant to the Plan. The Confirmation Order shall specifically provide for such injunction. Based upon review of the Debtor after consultation with counsel, the Debtor is not aware of any substantial claims of the estate that are being released.

7.5     <u>Binding Effect</u>.  The provisions of the Plan, once confirmed, shall be binding upon each Creditor and Equity Security Holder, and any entity acquiring property under the Plan, whether or not the Claim of such Creditor or Interest of such Equity Security Holder is impaired under the Plan, and whether or not such Creditor or Equity Security Holder has accepted the Plan.

7.6     <u>Exculpation</u>.  On the Effective Date, (a) the Debtor, and the Debtor's current managers, professionals who have been approved by the Bankruptcy Court to represent the Debtor,  and any consultants that performed services after the Petition Date (solely in their capacities as such, but excluding Executive Mortgage and persons affiliated with it in every

Case: 07-40109    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:32:27    Page 20 of 24

capacity), shall be deemed to release each of the other, of and from any claims, obligations, rights, causes of action and liabilities for any act or omission occurring solely during the period from the Petition Date through the Effective Date, generally, including, without limitation, any act or omission occurring during the Chapter 11 Case, except for acts or omissions which constitute willful misconduct or gross negligence, and all such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code; provided, however, that nothing in the Plan shall release the Debtor from its obligations under the Plan on and after the Effective Date of the Plan; provided further that nothing in the Plan shall release any rights under Bankruptcy Code Section 1144 to revoke an order of confirmation which could result in a revocation of the exculpation provisions of the Plan.

7.7    Revesting.  On the Effective Date, the property of the Estates, including Causes of Action, shall vest in the Reorganized Debtor, including the right of the Debtor to enforce, prosecute, settle and collect Causes of Action, object to Claims, and to otherwise operate and dispose of property of the Estate in accordance with the terms of the Plan.  The Property shall be under the control and direction of, and shall be administered by, the Reorganized Debtor. Transfer of property by the Reorganized Debtor shall be pursuant to the Plan and free from taxation to the extent provided by Bankruptcy Code Section 1146(c).

7.8    Effect of Revesting.  As of the Confirmation Date, the property and assets of the Debtors dealt with under the Plan shall be free and clear from any and all Claims, including, without limitation, all liens, interests and lis pendens, except as specifically provided otherwise in the Plan or the Confirmation Order.  The terms of the Plan shall supersede the terms of all prior orders entered by the Bankruptcy Court in the Cases and the terms of all prior stipulations and other agreements entered into by the Debtor with other parties-in-interest, except as specifically recognized in the Plan or the Confirmation Order.

7.9    Default.  Failure to make any payment required to be made under the Plan by the Reorganized Debtor, including but not limited to any regular amortized payments of principal and interest, or any payments due upon maturity, shall be considered a default under the

Case: 07-40169    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:52:27    Page 21 of

Plan. If any default is not cured within 30 days after service of written notice of such default to the Reorganized Debtor, the U.S. Trustee, any affected creditor or any affected party in interest asserting such default, may enforce its rights under the Plan, including, but not limited to, seeking a Bankruptcy Court order: (a) revoking the Confirmation Order; (b) converting the bankruptcy case from Chapter 11 to Chapter 7; (c) appointing a trustee; and/or (d) providing any other appropriate remedies to address the default under the Plan.

7.10 <u>Successors and Assigns</u>. The rights, benefits and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors and/or assigns of such Person or Entities.

7.11 <u>Exemption from Transfer Taxes</u>. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes of equity securities under the Plan; (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest; (c) the making or assignment of any contract, lease or sublease; or (d) the making or delivery of any deed or other instrument of transfer under, in the furtherance of, or in connection with, the Plan, including, without limitation, any merger agreements, agreements of consolidation, restructuring, disposition, liquidation, or dissolution; deeds, bills of sale, or transfers of tangible property will not be subject to any stamp tax, or other similar tax or any tax held to be a stamp tax or other similar tax by applicable law.

7.12 <u>Withdrawal or Revocation of the Plan</u>. The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws the Plan, then the Plan shall be deemed null and void.

## ARTICLE VIII

## <u>RETAINED JURISDICTION</u>

After Confirmation, the Bankruptcy Court shall retain all authority and jurisdiction as provided under the Bankruptcy Code and other applicable law and this Plan to enforce the provisions, purposes, and intent of this Plan or any modification hereof, including without limitation, matters or proceedings relating to:

Case: 07-40109    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:32:27    Page 22 of
24

THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN
OF REORGANIZATION

8.1    Allowance, disallowance, reconsideration, estimation, compromise, settlement, adjustment, treatment, or liquidation of claims and objections thereto;

8.2    Allowance of claims and requests for payment of administrative expenses of the Estate;

8.3    The rights, title, or interest of the Reorganized Debtor, as modified or specified under the Plan, in any property, including liens thereon;

8.4    Resolution of controversies and disputes, including disputes regarding interpretation of the Plan and the Confirmation Order, and the correction of any mistake, defect, or omission regarding interpretation or enforcement of the Plan and the Confirmation Order;

8.5    Modification(s) of the Plan pursuant to Section 1127 of the Bankruptcy Code;

8.6    Pursuit of any Avoidance Actions;

8.7    Adjudication of any actions brought by the Reorganized Debtor to enforce any right or recover any claim created, granted, or preserved under this Plan;

8.8    Entry of orders in aid of implementation of this Plan;

8.9    Such other matters for which jurisdiction is provided under the Bankruptcy Code, the Plan, the Confirmation Order, or other applicable law; and

8.10    Entry of a final decree closing the Chapter 11 Case.

## ARTICLE IX

## NON-SUBSTANTIVE MODIFICATION OF PLAN

The Debtor may, after such notice as the Bankruptcy Court determines to be appropriate, modify the Plan prior to the Effective Date, if the Bankruptcy Court determines that such modification does not materially and adversely affect or impair the interest of any holder of a claim who has not accepted such modification. Such modification shall be deemed accepted by all holders of claims or interests who have previously accepted the Plan.

Case: 07-40169    Doc# 256    Filed: 02/19/09    Entered: 02/19/09 21:52:27    Page 23 of 24

**CRAMDOWN REQUESTED**

The Debtor requests that, if a class of impaired claims or interests does not accept this Plan by the requisite majorities, confirmation nevertheless proceed under Bankruptcy Code Section 1129(b).

DATED:  February 19, 2009

SAIGON PLAZA ASSOCIATION, LLC

By     /s/ John Le Tung
Its      Manager

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Steven B. Sacks
      STEVEN B. SACKS
Attorneys for the Debtor

W02-WEST:6SS1\401574124.2
Case: 07-40169   Doc# 256   Filed: 02/19/09   Entered: 02/19/09 21:52:27   Page 1 of 24
THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION